PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID A. NIXON, | ) |
| Plaintiff, | ) CASE NO. 5:16CV3031 |
| v. | ) JUDGE BENITA Y. PEARSON |
| ANGELA F. LOHAN, | ) |
| Defendant. | ) **MEMORANDUM OF OPINION AND ORDER** |

*Pro se* Plaintiff David A. Nixon filed this action under 42 U.S.C. § 1983 against Portage County Prosecutor Angela F. Lohan. Plaintiff alleges Defendant improperly refused to remove herself as the prosecutor in his criminal case after he filed a civil action against her. ECF No. 1 at PageID #: 3. He asks the Court to issue an order barring Lohan from acting as the prosecutor in any action in which the Plaintiff is a criminal defendant, and seeks monetary relief for the time he spent in jail. *Id.* at PageID #: 5.

**I. Background**

In 2015, Plaintiff was charged with and indicted on three separate domestic violence criminal cases in the Portage County, Ohio Court of Common Pleas. *Id.* at PageID #: 3. While the criminal cases were pending, Plaintiff filed a civil action against Defendant alleging negligence and misconduct. *Id.* He also filed motions in his criminal actions, asking that Defendant be removed as the prosecutor in his cases due to a conflict of interest. *Id.* The judges denied the motions and Defendant declined to step down as the prosecutor. *Id.* Plaintiff then

(5:16CV3031)

filed this federal suit, claiming Defendant failed to insist on a hearing on the temporary protection orders granted in the criminal cases; failed to follow laws governing insanity pleas; and obtained discontinuation of his telephone privileges in jail. *Id.* at PageID #: 4. Plaintiff indicates he is filing this action "for multiple constitutional, civil and statutory right [*sic*] violations" committed by Defendant. *Id.*

## II. Standard for Dismissal

Although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Young Bok Song v. Gipson*, 423 F. App'x 506, 509–10 (6th Cir. 2011). Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, federal district courts are expressly required to screen all *in forma pauperis* actions and prisoner actions seeking redress from governmental defendants, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

To avoid a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

(5:16CV3031)

misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint may also be dismissed if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). The action has no arguable basis in law if a defendant is immune from suit or if a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

### III. Law and Analysis

Plaintiff sues the prosecutor in his criminal cases and asks the Court to remove her from all current and future criminal prosecutions. He also requests that Defendant be ordered to pay monetary damages for his incarceration. The Court cannot grant either request.

Under the doctrine of issue preclusion, a court cannot reconsider a matter that "was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). Otherwise put, when an issue has already been decided by a state court, a litigant cannot ask the federal court to relitigate that issue in hopes of obtaining a different result. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). Moreover, federal courts must give full faith and credit to state court decisions.

In this case, the judges in Plaintiff's criminal cases already considered the issue of Defendant's purported conflict of interest and denied Plaintiff's motions to have her removed as the prosecutor. Accordingly, Plaintiff is barred from relitigating his conflict of interest claims in federal court.

(5:16CV3031)

Furthermore, Plaintiff cannot bring suit against Defendant. Prosecutors acting within the scope of their duties in initiating a criminal prosecution and presenting the States's case are entitled to absolute immunity from civil suits for damages. *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Prosecutors are afforded this immunity because they must exercise professional judgment in deciding which suits to bring and how to conduct them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be impartially performed if prosecutors were subject to personal liability in a suit for damages. *Id.* (citing *Imbler*, 424 U.S. at 424–25). Moreover, these suits could be expected with some frequency, for a defendant "often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate." *Id.*; *see also Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). This immunity extends beyond the criminal process to civil proceedings in which a government attorney is operating in an enforcement role by "undertak[ing] the defense of a civil suit." *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).

All of allegations against Defendant describe actions she took in the course of representing the State in the criminal actions against Plaintiff. Plaintiff named Defendant in a civil suit, creating a situation that he believed would present a conflict of interest. The judges in his cases did not see merit in this maneuver, and Defendant refused to withdraw as prosecutor. Plaintiff also contends that Defendant did not insist on a hearing for the temporary protection order, did not follow the laws governing insanity defenses, and sought termination of his

4

(5:16CV3031)

telephone privileges in the jail.  All of these actions are taken as the State's advocate.  Defendant is absolutely immune from damages.

## IV.  Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| April 20, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |